ALABAMA & V. RY. CO. *v.* JACKSON & E. RY. CO.*

(Division B.   Jan. 17, 1927.)

[110 So. 865.   No. 24292.]

COMMERCE.   *Unless Interstate Commerce Commission authorizes physical connections between railroad companies in interstate commerce, state cannot compel them.*

The Congress of the United States has assumed full and complete control of physical connections between railroad companies engaged in interstate commerce, and, unless the Interstate Commerce Commission authorizes such connections, the state cannot compel such connections by reason of state laws. *A. & V. Railway Co. v. Jackson & Eastern Railway Co.,* 271 U. S. 244, 46 S. Ct. 535, 70 L. Ed. 928.

*Corpus Juris-Cyc. References: Commerce, 12 C. J., p. 74, n. 79.

Suit by the Alabama & Vicksburg Railway Company against the Jackson & Eastern Railway Company to enjoin the exercise of eminent domain. From the decree rendered, both parties appeal. Former opinion, confirming the decree 136 Miss. 726, 101 So. 553), set aside, and injunction made perpetual.

ETHRIDGE, J., delivered the opinion of the court.

On May 24, 1926, the supreme court of the United States reversed this court in the above styled case, and

remanded the cause to this court for further proceedings, and a motion is now made for the court to set aside its former order of affirmance of the chancery court and reverse the case and render final judgment here, making the injunction perpetual against the connection between the two railroads sought to be enjoined by said bill.

When the cause first came before this court, we held that the federal government had not taken exclusive jurisdiction of connections between railroad lines engaged in interstate commerce, and that the connections sought by the Jackson & Eastern Railway Company did not materially affect interstate commerce, and that the state authorities had jurisdiction to order a connection between the lines of railroad. See *A. & V. Railway Co. v. Jackson & Eastern Railway Co.*, 131 Miss. 857, 95 So. 733; also *A. & V. Railway Co. v. Jackson & Eastern Railway Co.*, 136 Miss. 726, 101 So. 553.

In the opinion rendered on the 24th day of May, 1926 (271 U. S. 244, 46 S. Ct. 535, 70 L. Ed. 928), the supreme court of the United States held that Congress had taken complete control of the subject-matter, and that no action could be taken until the approval of the Interstate Commerce Commission had been obtained. Inasmuch as such consent had not been obtained, it follows that the connection could not lawfully be coerced by the state court, and our former ruling is set aside and annulled, and judgment will be entered in accordance with a motion making the injunction perpetual until such connection is ordered by the Interstate Commerce Commission. The costs are to be taxed against the Jackson & Eastern Railway Company in accordance with the fee bills attached to the motion.

*Motion sustained.*